United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONNIE DONELL PERKINS, <br><br> Plaintiff, <br><br> v. <br><br> L. CHRONES, Director, California Department of Corrections; ROBERT HOREL, Former Warden, Pelican Bay State Prison (PBSP); FRANCISCO JACQUEZ, Warden (PBSP); K. BRANDON, Captain at PBSP; McMillan, Lieutenant at PBSP; B. THORNTON, Correctional Officer at PBSP; A. HEDGPETH, Warden at Kern Valley State Prison (KVSP); C. J. CHRONES, Chief Deputy Warden, KVSP; J. R. GARZA, Lieutenant, KVSP; O. C. HARRIS, Correctional Sergeant, KVSP; J. OSTRANDER, Captain, KVSP; R. CRUM, Correctional Officer, KVSP; C. PFEIFFER, Correctional Counselor II, KVSP; R. CLEMONS, Correctional Officer, Los Angeles County (LAC); EVERETTE W. FISCHER, Special Agent, CDCR; G. WILLIAMS, Special Agent, CDCR; McGRIFF, Special Agent, CDCR; K. J. ALLEN, Appeals Examiner, CDCR; and N. GRANNIS, Chief of Inmate Appeals Branch, CDCR, <br><br> Defendants. <br> _____/ | No. C 09-5855 PJH (PR) <br><br> **ORDER OF PARTIAL DISMISSAL AND ORDER OF SERVICE** |

Plaintiff, an inmate at Pelican Bay State Prison, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. He has been granted leave to proceed in forma pauperis.

///

///

## DISCUSSION

### A. Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974. The United States Supreme Court has recently explained the "plausible on its face" standard of *Twombly*: "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009).

### B. Legal Claims

Plaintiff presents two claims in his complaint. One is against the Kern Valley State

2

Prison defendants, the California State Prison-Los Angeles County defendant, and the CDCR special agents, for improperly validating him as a member of a prison gang. The other is against Pelican Bay State Prison defendants for blocking him from mailing out a manuscript of what he contends was his autobiography. The claims are distinct and thus not properly joined, so the first claim and associated defendants will be dismissed without prejudice. *See* Fed. R.Civ.P. 20(a)(2).

In the claim arising at Pelican Bay State Prison, plaintiff contends that defendants B. Thornton and K. Brandon rejected plaintiff's attempt to mail out 140 pages of what he contends was his autobiography. Evidently they blocked it because of they feared it contained gang communications. He appealed the rejection; defendant McMillan denied it at the second level on behalf of Warden Jacquez, and at the third formal level defendant K. J. Allen, an appeals examiner, denied it.

A district court reviewing whether a prisoner states a claim for the censorship of outgoing mail should not decide, on the pleadings, whether the alleged censorship is justified. *See Barrett v. Belleque*, 544 F.3d 1060, 1062 (9th Cir. 2008) (per curiam) (holding district court erred by dismissing complaint for failure to state a claim by deciding on the pleadings that censorship was justified). A prisoner complaint that unequivocally pleads facts alleging that prison officials censored a prisoner's outgoing mail and punished him for its contents states a claim that is clearly cognizable under *Procunier v. Martinez*, 416 U.S. 396, 413 (1974), *overruled on other grounds, Thornburgh v. Abbott*, 490 U.S. 401, 413-14 (1989). *Barrett v. Belleque*, 544 F.3d 1060, 1062 (9th Cir. 2008) (per curiam)*.*

Plaintiff's allegations are sufficient to state a claim against Thornton and Brandon. It appears that McMillan and Allen, who answered plaintiff's appeals, had the power to reverse the decision by Thornton and Brandon, which also is sufficient to state a claim against them.

The claims against Warden Jacquez and Director of Corrections Chrones are respondeat superior claims, that is, claims that they are liable simply because they are the superiors of those who plaintiff contends actually violated his rights, and thus will be

3

dismissed. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (under no circumstances there liability under section 1983 solely because defendant is the superior of someone who violated plaintiff's rights (respondeat superior liability)). There are no allegations regarding the former warden at PBSP, Robert Horel, and as to N. Grannis, head of the Inmate Appeals Branch, plaintiff contends only that Allen signed the denial of his administrative appeal on behalf of Grannis. These allegations are insufficient to state a claim against Horel or Grannis.

**CONCLUSION**

1. The claims against defendants A. Hedgpeth, C. J. Chrones, J. R. Garza, O. C. Harris, J. Ostrander, R. Crum, C. Pfeiffer, R. Clemons, Everette W. Fischer, G. Williams, McGriff, and K. J. Allen are **DISMISSED** without prejudice.

2. The claims against defendants Jacquez, Chrones, Horel and Grannis are **DISMISSED** for failure to state a claim.

3. The clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, copies of the complaint with attachments and copies of this order on the following defendants: B. Thornton, Correctional Officer, PBSP; K. Brandon, Captain, PBSP; McMillan, Lieutenant, PBSP; and K. J. Allen, Appeals Examiner, CDCR, Sacramento.

4. In order to expedite the resolution of this case, the court orders as follows:

    a. No later than sixty days from the date of service, defendants shall file a motion for summary judgment or other dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue. If defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the court prior to the date their summary judgment motion is due. All papers filed with the court shall be promptly served on the plaintiff.

    b. Plaintiff's opposition to the dispositive motion, if any, shall be filed with the

4

1  court and served upon defendants no later than thirty days from the date the motion was
2  served upon him. Plaintiff must read the attached page headed "NOTICE -- WARNING,"
3  which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir.
4  1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

5      If defendants file an unenumerated motion to dismiss claiming that plaintiff failed to
6  exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), plaintiff
7  should take note of the attached page headed "NOTICE -- WARNING (EXHAUSTION),"
8  which is provided to him as required by *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th
9  Cir. 2003).

10     c. If defendants wish to file a reply brief, they shall do so no later than fifteen
11 days after the opposition is served upon them.

12     d. The motion shall be deemed submitted as of the date the reply brief is
13 due. No hearing will be held on the motion unless the court so orders at a later date.

14     5. All communications by plaintiff with the court must be served on defendants, or
15 defendants' counsel once counsel has been designated, by mailing a true copy of the
16 document to defendants or defendants' counsel.

17     6. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court
18 informed of any change of address by filing a separate paper with the clerk headed "Notice
19 of Change of Address." He also must comply with the court's orders in a timely fashion.
20 Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to
21 Federal Rule of Civil Procedure 41(b).

22 **IT IS SO ORDERED.**
23 Dated: February 16, 2010.
24                         PHYLLIS J. HAMILTON
                            United States District Judge

27 P:\PRO-SE\PJH\CR.09\PERKINS5855.SERVE.wpd

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

**NOTICE -- WARNING (EXHAUSTION)**

If defendants file an unenumerated motion to dismiss for failure to exhaust, they are seeking to have your case dismissed.  If the motion is granted it will end your case.

You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies.  Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions.

If defendants file a motion to dismiss and it is granted, your case will be dismissed and there will be no trial.