UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

LONNIE DONELL PERKINS,

    Plaintiff,

    v.

L. CHRONES, Director, California Department of Corrections, et al.,

    Defendants.

No. C 09-5855 PJH (PR)

**ORDER GIVING ADDITIONAL NOTICE; DEADLINE FOR PARTIES TO FILE SUPPLEMENTAL MATERIALS; RULINGS**

    This is a civil rights case filed pro se by a state prisoner. In an order entered on September 29, 2011, the court denied in part and granted in part defendants' motion for summary judgment. Because it appeared that it might be possible to resolve the case on motion, the court set deadlines for further summary judgment motions. On October 31, 2011, defendants renewed their motion. Plaintiff has filed a motion to stay proceedings pending his completion of discovery and a motion for appointment of counsel. Defendants have moved to stay discovery pending ruling on the qualified immunity ground of their motion for summary judgment

    A party making a Rule 56(d) motion for a stay of ruling on a motion for summary judgment pending discovery must make clear "what information is sought and how it would preclude summary judgment." *Margolis v. Ryan*, 140 F.3d 850, 853 (9th Cir. 1998). Plaintiff's motion to stay proceedings to allow him to conduct discovery does not clearly specify what discovery he has in mind. The motion (document number 56) is **DENIED**.

    Plaintiff also moves for appointment of counsel. There is no constitutional right to

counsel in a civil case, *Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981), and although district courts may "request" that counsel represent a litigant who is proceeding in forma pauperis, as plaintiff is here, *see* 28 U.S.C. § 1915(e)(1), that does not give the courts the power to make "coercive appointments of counsel." *Mallard v. United States Dist. Court*, 490 U.S. 296, 310 (1989).

The Ninth Circuit has held that a district court may ask counsel to represent an indigent litigant only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

Plaintiff appears able to present his claims adequately, and the issues are not complex. The motion for appointment of counsel (document number 57 on the docket) is **DENIED**.

Defendants have moved to stay discovery pending ruling on their motion for summary judgment on qualified immunity grounds. The motion is **GRANTED**. *See Crawford-El v. Britton*, 523 U.S. 574, 598 (1998) (district court should stay discovery until the threshold question of qualified immunity is settled). Discovery is stayed until the court has ruled on the qualified immunity ground for the motion.

In *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988), the Ninth Circuit held that pro se prisoner litigants must be given a warning about the requirements of Rule 56 of the Federal Rules of Civil Procedure pertaining to summary judgment and the consequences of such a motion. In *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003), the court required somewhat similar warning about unenumerated motions to dismiss for failure to exhaust. This court routinely provides these warnings in its orders of service for prisoner pro se civil rights complaints.

The Ninth Circuit now has held that the notices must be provided at the time the motions are filed, and that notices given in advance of such motions are not sufficient.

*Woods v. Carey*, No 09-15548, slip op. 7871, 7874 (July 6, 2012). The new rule applies to all pending cases. *Id.* at 7885. Because in this case the *Rand* notice was given in the service order, it was insufficient under *Woods*.

  Plaintiff shall take notice of the attached warning. If after considering it he wishes to file additional argument or supporting materials to his opposition, he shall do so within fifteen days. If plaintiff makes a supplemental filing, defendant may file a reply within seven days. In view of the age of this case, no extensions of time will be granted except in the most compelling circumstances.

**IT IS SO ORDERED.**

Dated: July 11, 2012.

            PHYLLIS J. HAMILTON
            United States District Judge

G:\PRO-SE\PJH\CR.09\PERKINS5855.woods notice.wpd

## NOTICE

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.